935 F.2d 1288
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Perry Marcus LOCKLEAR, Defendant-Appellant.
 No. 90-5547.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 3, 1991.
Decided June 14, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Malcolm J. Howard, District Judge. (CR-90-25-3)
 James M. Cooper, Fayetteville, N.C., for appellant.
 Margaret Person Currin, United States Attorney, Robert R. Skiver, Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER, MURNAGHAN and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Perry Marcus Locklear pled guilty to distribution of cocaine (21 U.S.C. Sec. 841) and making a false declaration before a court (18 U.S.C. Sec. 1623).[1] He appeals his sentence on the ground that drug amounts he agreed to sell to an undercover agent, which were not delivered because of his arrest, should not have been used to calculate his offense level. We affirm.
 
 
 2
 Locklear maintains that only acts which occurred can constitute relevant conduct under U.S.S.G. Sec. 1B1.3. However, Sec. 1B1.3 provides that for drug offenses (offenses of a character for which Sec. 3D1.2(d) would require grouping of multiple counts) all "acts that were part of the same course of conduct or common scheme or plan as the offense of conviction" are relevant conduct. Moreover, application note 1 to Sec. 2D1.4 provides that when a defendant is convicted of an offense involving negotiation to traffic in a controlled substance, the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount. See also United States v. Roberts, 881 F.2d 95, 104-05 (4th Cir.1989). The negotiated amounts were thus correctly included in calculating Locklear's offense level.
 
 
 3
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 Locklear had previously pled guilty to conspiracy to distribute cocaine and agreed to cooperate with the government. In return for his cooperation, several distribution charges were dismissed. When he failed to cooperate as agreed, he was reindicted on the dismissed counts and on the additional false declaration count